GEORGE W. BURKS, Respondent, *v.* PAUL Bosso, Appellant.

CIVIL RIGHTS — L. 1895, CH. 1042 — BOOTBLACKING STAND NOT "PLACE OF PUBLIC ACCOMMODATION." The phrase "and all other places of public accommodation," as used in chapter 1042 of the Laws of 1895, entitled an act to protect all citizens in their civil and legal rights, does not include a bootblacking stand, and a refusal to shine the shoes of a colored man, upon the ground of his color, does not subject its proprietor to the penalties imposed by the act.

*Burks* v. *Bosso*, 81 App. Div. 530, reversed.

(Argued January 12, 1905; decided January 31, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1903, upon an order reversing a judgment of the Monroe County Court which reversed a judgment of the Municipal Court of the city of Rochester in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas P. McCarrick* for appellant. The statute under which this action is brought is a penal statute and must be strictly construed. (Bishop on Stat. Crimes, § 199; Sutherland on Stat. Const. 436; Kent's Comm. 465.) Strictly construed the statute in question does not include bootblacks. (*People* v. *Richards*, 108 N. Y. 137; *People* v. *N. Y. & M. B. Ry. Co.*, 84 N. Y. 565; *Sims* v. *U. S. T. Co.*, 103 N. Y.

479; *Matter of Hermance*, 71 N. Y. 481; *Cecil* v. *Greene*, 161 Ill. 265; *Rhone* v. *Loomis*, 74 Minn. 200; *Kellar* v. *Koerber*, 61 Ohio, 388; *United States* v. *Irwin*, 5 McLean, 178; *Matter of Tilden*, 98 N. Y. 434.) Statutory offenses cannot be established by implication. (*People* v. *Phyfe*, 136 N. Y. 559; Sedgwick on Stat. Law, 318.)

*Frederick L. Dutcher* for respondent. The shoe polishing stand maintained by defendant was such a place of public accommodation as is contemplated by chapter 1042 of the Laws of 1895. (*People* v. *King*, 110 N. Y. 418; *Messenger* v. *State*, 25 Neb. 674.) The rule of construction, where general words follow specific words designating special things, that general words are to be limited to cases of the same general character, brings the defendant's shoe polishing stand clearly within the statute. (*People* v. *King*, 110 N. Y. 428; *People* v. *Stickman*, 34 Cal. 242; *U. S.* v. *Hartwell*, 6 Wall. [U. S.] 395; *State* v. *Godfrey*, 97 N. C. 507; *Messenger* v. *State*, 25 Neb. 674; *Mayor, etc.,* v. *T. A. R. R. Co.*, 117 N. Y. 404; *Weiler* v. *Newbock*, 47 Hun, 168; *Matter of Hermance*, 71 N. Y. 481.) The object in construing penal laws as well as other statutes is to ascertain the legislative intent. That constitutes the law. (*U. S.* v. *Hartwell*, 6 Wall. [U. S.] 405; *People* v. *King*, 110 N. Y. 418; *Ayers* v. *Lawrence*, 59 N. Y. 192; *Sickles* v. *Sharp*, 13 Johns. 497; *Hayden* v. *Pierce*, 144 N. Y. 512; *The King* v. *Hassel*, 1 Leach, 1; *Tonnele* v. *Hall*, 4 N. Y. 140; *People* v. *N. Y. M. B. Ry. Co.*, 84 N. Y. 565.)

WERNER, J. This action was brought to recover the penalty provided for by chapter 1042 of the Laws of 1895, entitled "An act to protect all citizens in their civil and legal rights." The pertinent parts of the statute are as follows :

§ 1. "That all persons within the jurisdiction of this State shall be entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating houses, bath houses, barber shops, theatres, music halls, public conveyances on land and water, and all

other places of public accommodation or amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens."

§ 2. " That any person who shall violate any of the provisions of the foregoing section by denying to any citizens, except for reasons applicable alike to all citizens of every race, creed or color, and regardless of race, creed and color, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense forfeit and pay a sum not less than one hundred dollars nor more than five hundred dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed ; and shall, also, for every such offense be deemed guilty of a misdemeanor,   *   *   *"

The record discloses that on the 27th day of November, 1901, the defendant was the proprietor of a " bootblacking " business, which he carried on in a small booth or apartment on the ground floor of Powers Building, which is a large structure devoted to stores, offices and studios, and is located in the center of the business district of the city of Rochester. On the date above mentioned, the plaintiff, a respectable colored man, went to the defendant's establishment, asked to have his shoes polished, and tendered the amount usually charged for such service by the defendant.   The latter refused the money tendered, and declined to render the service on the ground that the plaintiff was a colored man.   The plaintiff thereupon brought this action in the Municipal Court of the city of Rochester and a jury rendered a verdict in his favor.   From the judgment entered upon that verdict the defendant appealed to the County Court of Monroe county and secured a reversal.   The plaintiff then appealed to the Appellate Division, where the judgment of the County Court was reversed and that of the Municipal Court affirmed.   By permission of the Appellate Division the case is now before this court for determination.

Much learning and logic have been exploited in the several

opinions that have been written during the somewhat uncertain course of this litigation, but in the view we take of the question involved the controversy may be disposed of by a few simple suggestions.

The statute in question is highly penal. It subjects any person who violates its provisions to a civil penalty at the suit of the person aggrieved, and to a fine or imprisonment as for the commission of a misdemeanor. One of the well-settled canons of statutory construction is that purely statutory offenses cannot be established by implication, and that acts in and of themselves innocent and lawful, cannot be held to be criminal unless there is a clear and unequivocal expression of the legislative intent to make them such. (*People* v. *Phyfe,* 136 N. Y. 554.)

In the light of this rule it seems obvious that the statute under consideration cannot be held to apply to a "bootblacking stand," unless we can say that such an establishment. falls within the general phrase of the statute, "and all other places of public accommodation," which follows the specific enumeration of such places as "inns, restaurants, hotels, eating houses, bath houses, barber shops, theatres, music halls and public conveyances on land and water." We do not deem it necessary at this time to enter into a discussion as to how far the sovereign power may go in restricting the individual rights and privileges which inhere in some of the callings enumerated in the statute under consideration, because we are of the opinion that the phrase, "and all other places of public accommodation," does not include bootblacking stands. The phrase referred to, although general in its nature, is limited and qualified by the specific designations which precede it. (*People* v. *Richards,* 108 N. Y. 137; *People* v. *N. Y. & Manh. Beach Ry. Co.,* 84 id. 565; *Sims* v. *U. S. Trust Co.,* 103 id. 472, 479; *Matter of Hermance,* 71 id. 481; *Mangam* v. *City of Brooklyn,* 98 id. 585, 595.)

A bootblacking stand may be said to be a place of public accommodation, like the store of a dry goods merchant, a grocer, or the proverbial "butcher, baker and candlestick

maker," but that is very far from placing it in the same category with the places specifically named in the statute. Inns, hotels and public conveyances are places of public accommodation in the broadest sense, because they have always been denominated as such under the common law. Bath houses and barber shops are not in the same class with hotels and public conveyances, and would certainly not be regarded as included within the statute under the general phrase " and all other places of public accommodation." There is no more relation between a bootblacking stand and a public conveyance than there is between a theatre or music hall and a bath house or barber shop.

There is, it is true, a superficial resemblance between the occupation of the barber and that of the bootblack, in the sense that both minister to the personal comfort and convenience of others, but the same argument could be extended far beyond the limits necessary to demonstrate that not " all other places of public accommodation " are included by relation within the category of the things specifically enumerated in the statute. The legislature seems to have had no difficulty in naming a variety of places and callings that have never been regarded as places of public accommodation under the common law, and if bootblacking stands are to be brought within the purview of the statute under the words " and all other places of public accommodation " it will require no great stretch of the imagination to apply this statute to innumerable places and callings that have never been, and probably never will be, regarded as subject to legislative control or direction.

For these reasons we think the judgment of the Appellate Division should be reversed and that of the County Court affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Judgment reversed, etc.