Arabella D. Huntington, as Executrix, etc., and Another, etc., v. Sylvester H. Kneeland and Others.— Motions denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

In the Matter of the Petition of the Brooklyn Union Elevated Railroad Company, Respondent, Relative to Acquiring Title, etc., Parcel No. 4, Premises 1364-1494 Broadway, James H. Hart, Owner, Appellant.— Motion to resettle order denied. The order as entered conforms with the decision as made. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

In the Matter of the Judicial Settlement of the Account of Rita W. De Voe, as Administratrix, etc., of Charles P. Ebbetts, Deceased.— Motion granted and order resettled so as to allow costs, payable out of the estate, to each group of respondents appearing by separate attorney. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

In the Matter of the Probate of the Last Will and Testament of George W. Donohue, Deceased.— Motion to dismiss appeal granted, with costs, unless the appellant pay ten dollars costs and cause the printed papers on appeal to be served within twenty days; on compliance with these conditions the motion is denied, without costs. Present— Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Fred Kleps, Respondent, v. Bristol Manufacturing Company, Appellant.— Motion denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Thomas G. Knight, Respondent, v. Maria A. Herter, Appellant.— Motion to dismiss appeal granted, with costs, unless the appellant pay ten dollars costs and cause the appeal to be perfected within ten days; on compliance with these conditions the motion is denied, without costs. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Frederick R. Meres, Respondent, v. Dominican Convent of Our Lady of the Rosary, Appellant.— Motion denied, with ten dollars costs. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Elsa C. Polhemus, Respondent, v. Horace G. Polhemus and Others, Appellants.— Motion for reargument granted, and case set down for Tuesday, November 28, 1905. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

The People of the State of New York ex rel. Katherine Loughran, Appellant, v. William H. Maxwell, as City Superintendent, etc., Respondent.— Motion denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Julia Schnizer, Respondent, v. Louis A. Phillips, Appellant.— Motion denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Joseph Vollkommer, Jr., as Trustee, etc., Respondent, v. Solon L. Frank and Samuel Frank, etc., Appellants.— Motion denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Emma Walker, Respondent, v. Lyman A. Best, Respondent, and William H. Maxwell, Appellant.— Motions denied. Present — Hirschberg, P. J., Bartlett, Woodward, Jenks and Rich, JJ.

Mortimer S. Brown, Appellant, v. Augusta A. Brown, Respondent.— Judgment affirmed, with costs. No opinion. Hirschberg, P. J., Jenks, Hooker, Rich and Miller, JJ., concurred.

Fanny Campbell, Respondent, v. James P. Lines and Nicholas Healy, Appellants.— Interlocutory judgment reversed, with costs, upon the authority of Burks v. Bosso (180 N. Y. 341) and demurrer sustained, with costs, with leave to the plaintiff to amend within twenty days on payment of costs. Bartlett, Woodward, Hooker and Miller, JJ., concurred.

Edwin Clark, as Administrator de Bonis Non of the Estate of Sarah Clark, Respondent, v. Mathias Trost and John J. Clancy, Appellants.— Interlocutory judgment affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Hooker, Rich and Miller, JJ., concurred.

Abraham Elkus, Respondent, v. Samuel Osfer and Ezra Osfer, etc., Appellants.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Hooker, Rich and Miller, JJ., concurred.

E. Miller's Sons, Respondent, v. New York City Railway Company, Appellant.— The amount of the recovery in this case must be reduced by deducting therefrom the five dollars allowed as damages paid for the broken jack; and as thus reduced the judgment of the Municipal Court is affirmed, without costs of