7323

VASSEY v. SPAKE.

Costs.—Section 3096, Code of 1902, providing costs in certain actions on tort applies to personal torts and does not apply in an action for damages for trespass on lands where title is involved.

Before Klugh, J., Cherokee, November, 1908. Affirmed.

Action by D. L. Vassey against W. L. Spake. From order sustaining taxation of costs, defendant appeals.

*Messrs. Butler & Osborne* and *W. S. Hall, Jr.,* for appellant, cite: 20 S. C., 483; 27 S. C., 221; Code 1902, 3096; 18 Stat., 449; 59 S. C., 225; 54 S. C., 430.

*Messrs. Otts & Dobson* and *Sanders & DePass,* contra. The former cite: Code 1902, 3096; Code of Proc., 323; 70 S. C., 373; 71 S. C., 327.

October 19, 1909. The opinion of the Court was delivered by

Mr. Chief Justice Jones. This was an action for damages for malicious trespass upon real estate in which defendant denied the title of plaintiff, and sought to justify his entry and acts upon the land under license from another whom defendant alleged was the true owner. The verdict of the jury was for plaintiff for one dollar. The clerk taxed full costs and disbursements against defendant, amounting to about two hundred dollars, and this taxation on appeal was affirmed by the Circuit Court, Judge Klugh presiding. The contention of appellant is, that under section 3096, Code of Laws, volume I, the taxation of costs should not exceed the amount of the recovery, one dollar.

The statute is as follows: Section 3096. "In every civil action, commenced or prosecuted in the courts of record of this State (except cases in chancery), the attorneys of

plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party, as prescribed in this chapter, such costs to be allowed, as of course, to the attorneys of plaintiff or defendant, and all officers of the Court hereto entitled, accordingly as the action may terminate; and to be inserted in the judgment of the losing party. In cases of chancery the same rule as to costs shall prevail, unless otherwise ordered by the Court: *Provided,* That wherever, in any action for assaults, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, or in any other action for damages for torts, the amount recovered shall be less than one hundred dollars, the total amount of costs and disbursements shall not exceed the amount so recovered in the action."

Section 323 of the Code of Procedure, volume II, does not contain the words "or in any other action for damages for torts," although it appears that said section was amended so as to contain such words by the act of December 24, 1883, 18 Stat., 449. We assume the law to be as declared in section 3096.

Under our construction of this statute the language, "in any other action for damages for torts," does not include the present action.

The rule of construction, known as *ejusdem generis,* is applicable. That rule is thus stated in 21 Ency. Law, 2d ed., 1012, as applied to the use of the word "other:" "Where a statute, or other document, enumerates several classes of persons, or things, and immediately following, and classed with such enumeration, the clause embraces "other" persons, or things, the word "other" will generally be read as "other such like," so that persons, or things, therein comprised may be read *ejusdem generis* with, and not of a quality superior to or different from those specifically enumerated." Whenever the intention is clear, and there is no room for construction, the rule does not apply.

This is illustrated by the case of *State* v. *Switzer,* 59 S. C., 225, 57 S. E., 818. In this case the Court was con-

struing section 170 of the Criminal Code, providing that whoever shall "* * * injure or destroy any horse, mule, meat cattle, hog, sheep, goat, or any other kind, class, article or description of personal property, the goods and chattels of another, shall be guilty, etc." The language of the statute was not correctly quoted in the opinion, but the Court, construing section 170, *supra,* held that its language was plain and unambiguous, and that *"other kind, class, article or description* of personal property" included oil in a tank. Such language excluded the rule of *ejusdem generis.* Likewise the Court, in *State* v. *Holman,* 3 McCord, 306, construed the statute, which made it a criminal offense for any person "knowingly and wilfully packing or putting into any bag, bale or bales of cotton, any stone, wood, trash cotton, cotton seed, *or any matter or thing whatsoever,* etc.," so as not to limit the words last above quoted by the words "stone, wood, etc.," preceding. The Court declared there was no incongruity between the specifications and the general expression, and the plain legislative intent was to punish fraud in the packing of cotton, without regard to the character of the material used. In the enumeration of specific actions for torts the legislature confined itself to personal torts, as distinguished from torts to property, and the general clause was doubtless intended to cover any such like torts as were not enumerated. Since the enumeration of personal torts was not exhaustive, and there is nothing in the general expression which compels an extension of meaning to cover classes of torts unlike those enumerated, the rule of *ejusdem generis* applies. 26 Ency. Law, 609 ; Endlich on Int. Stat., sec 405, *et seq.* ; *Burks* v. *Basso,* 180 N. Y., 341, 105 Am. State Reports, 762 ; *In Re Barre Water Co.,* 9 L. R. A., 195.

This was an action of trespass *quare clausum fregit,* in which an issue of title was raised and adjudicated. *Parker* v. *Leggett,* 12 Rich., 200 ; *Heywood* v. *Farmers Co.,* 42 S. C., 138, 19 S. E., 963, 28 L. R. A., 42. We do not think such an action comes within the proviso of section 3096,

but is one of those civil actions in which the usual costs and disbursements are recoverable.

The judgment of the Circuit Court is affirmed.