Injunction by Mason-Seaman Transportation Company against John Purroy Mitchel and others. On motion for pendente lite injunction. Denied.

Edgar T. Brackett, of Saratoga Springs, and Arthur Wing, of New York City, for plaintiff.

Terence Farley and George P. Nicholson, both of New York City, for defendants.

COHALAN, J. Application pendente lite for an injunction. The plaintiff seeks to restrain the defendants from enforcing against it the provisions of the public hack ordinance, as amended by an ordinance

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

adopted on December 15, 1914, by the board of aldermen of the city of New York. The amendment of which the plaintiff complains reads:

"Any vehicle that has a taximeter affixed and uses the streets and avenues of the city of New York for the purpose of carrying passengers for hire shall be deemed a public hack and licensed under this ordinance."

This ordinance was so drawn as to provide that all cabs, whether they be employed in public or private business, should come within the provisions of the public hack ordinance. The plaintiff's cabs are employed in a private business, and are operated solely from its private property or from the private property of certain railroad corporations. In a word, they do not engage upon the streets in a public hacking business. The plaintiff contends that the ordinance is unconstitutional and void; that it is contrary to the fourteenth amendment of the Constitution of the United States, in that it denies to the plaintiff and others similarly situated the equal protection of the laws of the land. Other and various claims of the invasion of constitutional rights are urged to support this application for an injunction. It is asserted on behalf of the city that this legislation may be upheld as a valid exercise of the police power; that it applies alike to all vehicles which have taximeters affixed, and which use the streets of the city for the purpose of carrying passengers for hire; that, in fact, it is an altogether reasonable provision for the regulation of cabs upon the streets, so as to include with impunity all classes of vehicles, whether or not hired from private or public concerns, and which use the streets of the city for the transportation of passengers for hire. The opposing affidavits show that despite the provisions of the public hack ordinance the plaintiff still pays hotel proprietors for the business which it obtains from certain hotels; that as a result thereof higher rates of fare have been charged and frequent complaints have been received from the license department of the city; that under the provisions of the ordinance, before a taxicab is licensed, its taximeter is examined and tested, and if it is found accurate the instrument is sealed; that it cannot be tampered with or changed; that taximeters of the plaintiff have not been examined or tested, and hence they have been declared inaccurate; that more than 25 citizens have complained of excessive charges. Moreover, the provisions of the ordinance regulate the conduct of the chauffeurs employed upon public taxicabs. Up to the time of the passage of the act the license department had no jurisdiction over them. It would seem, therefore, that a universal and public demand resulted in the passage of this salutary ordinance.

The plaintiff's construction of the ordinance is restrictive and technical. Its contention is based on the definition of a public hack which appears in section 2 of the new ordinance:

"A public hack is a vehicle plying for hire and which solicits public patronage upon the streets and highways of this city."

The plaintiff states that inasmuch as a private concern does not solicit public patronage upon the streets it does not come within the

purview of the definition. When the former ordinance was drawn, it excepted from the scope and meaning of that definition vehicles hired from a livery stable or garage, and which did not solicit patronage upon the streets. However, in enacting the new ordinance, this exception was repealed. I am of the opinion that the amendment is now sufficiently broad to include all classes of vehicles, whether or not they are hired upon the street or from private concerns. The validity of the public hack ordinance was contested on the grounds that it was unreasonable and that it was unconstitutional, and those assailing it failed of success. Yellow Taxicab Co. v. Gaynor, 82 Misc. Rep. 94, 143 N. Y. Supp. 279, affirmed 159 App. Div. 893, 144 N. Y. Supp. 299. In holding that the business of a public hackman was subject to governmental regulation, the court at Special Term said:

"The assumption of the plaintiffs that public hackmen are in the same class as those engaged in private business is without foundation and is contrary to fundamental principles embodied in the common law and in our present constitutional provisions."

In the Appellate Division the Presiding Justice thereof went further, and said that in his opinion the Legislature might prohibit altogether the use of motor vehicles upon the highways or streets of the state, and that such power could be and was delegated to the city by the provisions of the Greater New York Charter. He said:

"I am willing to place the validity of this ordinance squarely upon the ground that the Legislature having vested in the legislative department of the city of New York the power to regulate the streets in the city of New York and the use of motors and other vehicles using its streets, the legislative department of the city had the power to prohibit the use of any particular kind of motors or vehicles that the welfare of the city, and its inhabitants, and the public generally in the use of the streets required. Thus, having the power to regulate, it had the power to prohibit, and the lesser power of imposing the terms upon which motors and vehicles should use the streets is included in the greater power to regulate the use of motors and vehicles using the streets."

It is my view that the ordinance was founded on practical grounds and that no constitutional rights of the plaintiff have been invaded or impaired. There is no injustice in holding that all persons must be treated alike under like circumstances and conditions, both in the privileges conferred and the liabilities imposed.

Motion denied.