### HAVERTY'S TAXICABS, Inc., v. MITCHEL.

(Supreme Court, Special Term, New York County. August 25, 1915.)

LICENSES &wkey;14(2)—POLICE REGULATIONS.

Under an amendment of a license tax ordinance, repealing a portion of the ordinance which specifically excepted motor vehicles operated from private garages, and providing that any vehicle having a taximeter affixed, which uses the streets for carrying passengers for hire, shall be deemed a public hack, and licensed under the ordinance, a motor vehicle which has no taximeter affixed, and for which patronage is not

solicited on the streets, is not subject to the license provisions of the ordinance.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 26; Dec. Dig. ⊘⟳14(2).]

Action by Haverty's Taxicabs, Incorporated, against John P. Mitchel. Application for injunction pendente lite granted in part.

CALLAGHAN, J. This is an application for an injunction pendente lite to restrain the enforcement of the amendment to the Public Hack Ordinance approved January 2, 1915. The amendment is as follows:

"Any vehicle that has a taximeter affixed and uses the streets and avenues of the city of New York for the purpose of carrying passengers for hire shall be deemed a public hack and licensed under this amendment."

At the time of the enactment of this amendment a part of the ordinance was repealed which specifically excepted from the operation of the ordinance motor vehicles which were operated from private garages, even though such motor vehicles had a meter attached. The plaintiff operates a number of taxicabs, which are sent upon call from its private garages. Some have meters attached; others have none. On various occasions its chauffeurs operating these vehicles (and who have not been licensed) have been arrested, convicted, and fined by the magistrates. We are asked here to restrain all such interference.

Objections have been raised by the plaintiff that this ordinance is unreasonable and unconstitutional, in that its property rights have been violated, and that the ordinance is confiscatory; but all these contentions have been passed upon adversely to the plaintiff's contention. Yellow Taxicab Co. v. Gaynor, 82 Misc. Rep. 94, 143 N. Y. Supp. 279, affirmed 159 App. Div. 893, 144 N. Y. Supp. 299. The ordinance being constitutional, the enforcement of it will not be enjoined in so far as it applies to motor vehicles soliciting patronage upon the street or which are operated from a private garage and having meters attached. But it seems to me that no construction can be put upon this amendment that will justify interference with unlicensed motor vehicles which are called from private garages and which do not have meters attached.

It is argued by the corporation counsel that, inasmuch as the exception applying to private garages (which was contained in the original ordinance) has been specifically repealed, the amendment and the ordinance apply to all classes of motor vehicles. It may very well be that the board of aldermen can enact an ordinance which will be applicable to all vehicles operated for hire from a private garage without a meter. But if it was the intention of the board of aldermen to make this ordinance applicable to such motor vehicles, then it has failed to so express itself. I am not satisfied from a reading of the ordinance that there was any such intention, and the colloquy which occurred at the hearings before the welfare committee would indicate that at least some of the members of the board of aldermen intended that the ordinance should not apply to motor vehicles having no meter attached operating

for hire upon call from private garages. The Public Hack Ordinance defines a public hack as being a vehicle "plying for hire and which solicits public patronage upon the streets and highways of this city."

It is now urged that under that provision of the ordinance and the amendment of January 2, 1915, that all motor vehicles for hire by the public must be licensed. This ordinance is highly penal and must be strictly construed. Burks v. Bosso, 180 N. Y. 341, 73 N. E. 58, 105 Am. St. Rep. 762. Tested by this rule, it seems that in order that a vehicle should come within the purview of the provisions of the ordinance it must have a meter attached, or it must solicit patronage upon the street. I cannot see how those operating from a private garage on call without a meter can possibly be considered as being one of those defined by the ordinance.

It is argued that all the questions raised here have been specifically passed upon in the First Department in the case of Mason-Seaman Transportation Co. v. Mitchel, 89 Misc. Rep. 230, 153 N. Y. Supp. 461, affirmed 168 App. Div. 944, 153 N. Y. Supp. 1128. A careful reading of the papers on appeal in that case and of the opinion convinces me that the specific question as to whether or not vehicles operated from private garages without meters should be restrained was not squarely before the court at that time, and the opinion would indicate that there was no intention of the court to pass upon that question.

It follows that the motion should be granted to the extent only of restraining interference with those vehicles which are operated for hire upon call from private garages without a meter and which do not solicit public patronage upon the street. Settle order upon notice.