BECKETT et al. v. PFAEFFLE.

(Supreme Court, Appellate Term, First Department.   February 14, 1916.)

1. CIVIL RIGHTS ⬥➡14—COLORED PERSONS—RESTAURANT—REFUSAL TO SERVE —EVIDENCE.

Plaintiffs, colored persons, entered defendant's restaurant and ordered tea and cake, for which the waitress demanded 50 cents, which plaintiffs agreed to pay. After waiting some 20 minutes without being served, plaintiffs left the restaurant. There was no bill of fare used in the restaurant, and the waitress testified that the prices charged were those fixed by defendant, and were the same to all customers alike; that she did not refuse plaintiffs, and that the delay was caused by the fact that it took some time to make the tea and to attend to other matters. Plaintiffs admitted that the waitress did not refuse to serve them, but simply did not bring the food. *Held*, that such evidence was insufficient to show that any discrimination was practiced against plaintiffs by reason of their color, in violation of Civil Rights Law (Consol. Laws, c. 6) § 40, providing for equal privileges in places of public accommodation.

[Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 11, 12; Dec. Dig. ⬥➡14.]

2. CIVIL RIGHTS ⬥➡14—EVIDENCE.

The Civil Rights Law, being penal in its nature, requires clear and convincing evidence of its violation, and its violation cannot be inferred.

[Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 11, 12; Dec. Dig. ⬥➡14.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Actions by Harriet Beckett and by Frances Johnson, against Otto Pfaeffle. From judgments for plaintiffs, defendant appeals. Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Louis Levy, of New York City, for appellant.

Samuel A. Singerman, of New York City (Hyman Orlean, of New York City, of counsel), for respondents.

PER CURIAM. The actions were to recover for a violation of section 40 of the Civil Rights Law of the state of New York. Plaintiffs testified that they went into defendant's restaurant, ordered some tea, coffee, and charlotte russe, and were informed by the waitress that there were no charlotte russes left. Thereupon plaintiffs ordered tea and cake instead. The waitress demanded 50 cents, which plaintiffs agreed to pay.

[1, 2] From plaintiffs' testimony nothing appears to have been done towards serving plaintiffs, who, after waiting some 20 minutes, left the restaurant, without, however, making any protest or asking any explanation. No reason was advanced by plaintiffs why they were not served, except their own inference, drawn from the fact they were colored persons and the alleged unreasonable lapse of time. There was some testimony to the effect that, when plaintiffs demurred to what they considered an exorbitant charge, the waitress said that it was the boss' orders. In answer to the court's question, however,

the plaintiff Beckett testified that the waitress did not refuse to serve plaintiffs, but that she simply did not bring the food.

The waitress, called in defendant's behalf, testified that she did not refuse to serve plaintiffs, and explained the delay by the fact that it took some time to make the tea and attend to other matters. When she informed plaintiffs that the charge was 50 cents, they declined to pay, stating in substance that they would not pay so much "in such a dump place." Then, after waiting for some time, plaintiffs left the restaurant. The uncontradicted testimony is therefore to the effect that at no time did defendant's waitress refuse to serve plaintiffs, and unless a refusal can be inferred from the amount of the charge and the length of time plaintiffs waited the judgment should be reversed.

There was no bill of fare used in the restaurant, and the waitress testified that the prices charged the plaintiffs were those fixed by the defendant, and were the same as charged to all customers alike. The statute is penal in its nature, and evidence of its violation should be clear and convincing, and the violation must not be inferred. Burke v. Bosso, 180 N. Y. 431–434, 73 N. E. 58, 105 Am. St. Rep. 762. A careful examination of the evidence in the present case falls short of convincing us that there was a refusal to serve plaintiffs, or that any discrimination was practiced against plaintiffs by reason of their color. The uncontradicted testimony is that defendant instructed the waitress not to discriminate against any person. Defendant was not personally present while the plaintiffs were in the restaurant, and did not know of the waitress' alleged refusal to serve plaintiffs.

Judgments reversed, and a new trial ordered, with $15 costs in each case to the appellant to abide the event.