Benjamin D. Gibbs, Respondent, v. Arras Brothers, Inc., Appellant.

**Civil Rights Law — a liquor saloon is not a place of public accommodation within the letter or spirit of the law — colored man refused a drink in a saloon cannot maintain an action to recover the penalties imposed for violation of the law.**

A liquor saloon is not a place of public accommodation within the letter or spirit of the Civil Rights Law (Cons. Laws, ch. 6, §§ 40, 41, amd. L. 1913, ch. 265), which provides that all persons within this state "shall be entitled to the full and equal accommodations, advantages and privileges of any place of public accommodation," and that no person shall be refused or denied " any of the accommodations, advantages or privileges thereof * * * on account of race, creed or color," and hence a colored man who was refused a drink in a liquor saloon cannot maintain an action to recover the penalties imposed for the violation of such provisions of the law.

*Gibbs* v. *Arras Brothers*, 170 App. Div. 897, reversed.

(Submitted December 10, 1917; decided January 15, 1918.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 10, 1915, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore B. Chancellor*, *Terence J. McManus* and *Walter E. Ernst* for appellant. There is no obligation on the part of the owner of a liquor saloon to serve all persons. The term " saloon " is not expressed in the Civil Rights Act; and no term is used that is inclusive of a liquor saloon. (*Cromwell* v. *Stephens*, 3 Abb. Pr. [N. S.] 26; *Matter of Brewster*, 86 N. Y. Supp. 666; *People* v. *Jones*, 54 Barb. 311; *Overseers of Crown Point* v. *Warner*,

3 Hill, 150; *Meehan* v. *Board of Excise,* 75 N. J. L. 557; *Schwanekamp* v. *Modern Woodmen of America,* 44 Mont. 526.) A saloon is not within the purview of section 40 of the Civil Rights Law. (*Rhone* v. *Loomis,* 74 Minn. 200; *Keller* v. *Koerber,* 61 Ohio St. 388; *Cecil* v. *Green,* 161 Ill. 265; *Brown* v. *Bell,* 146 Iowa, 89; *People* v. *F. H. Cemetery,* 258 Ill. 36; *Jones* v. *B. R. S. Rink,* 136 Wis. 598; *Burks* v. *Bosso,* 81 App. Div. 530; *Faulker* v. *Solazzi,* 79 Conn. 541; *Alsberg* v. *Lucerne Hotel,* 46 Misc. Rep. 617.)

*Samuel Schwartzberg* for respondent. A saloon is a place of public accommodation. (*Babb* v. *Elsinger,* 147 N. Y. Supp. 98; *People* v. *King,* 110 N. Y. 418; *Burks* v. *Bosso,* 180 N. Y. 341; *Tobias* v. *Riehm,* 162 N. Y. Supp. 976; *Moore* v. *Riehm,* 162 N. Y. Supp. 976; *Bryant* v. *Rich's Grill,* 216 Mass. 344; *Bryan* v. *Adlen,* 97 Wis. 124; *Ferguson* v. *Gies,* 82 Mich. 358.) Section 40 of chapter 265 of the Laws of 1913 includes saloons. (*People* v. *Dwyer,* 215 N. Y. 46; *Cooper* v. *Stinson,* 5 Minn. 522; *Boley* v. *McMillan,* 66 Fla. 159; *Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 7; *People* v. *King,* 110 N. Y. 418; *Joyner* v. *Moore Wiggins Co.,* 152 App. Div. 266; *Woolcott* v. *Shubert,* 217 N. Y. 219.)

COLLIN, J. In June, 1914, the plaintiff and a companion were refused in the liquor saloon of the defendant, drinks, respectively, of beer and gin, because they were colored men. Thereupon the plaintiff, in his own right and as the assignee of his companion, brought this action in the Municipal Court of the city of New York to recover, and did recover, the penalties provided for violations of section 40 of the Civil Rights Law. The Appellate Term and the Appellate Division have affirmed the recovery.

Section 40, in so far as relevant to this action, reads: " All persons within the jurisdiction of this state shall

be entitled to the full and equal accommodations, advantages and privileges of any place of public accommodation, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place, shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages or privileges thereof * * * on account of race, creed or color, * * *. A place of public accommodation, resort or amusement within the meaning of this article, shall be deemed to include any inn, tavern or hotel, whether conducted for the entertainment of transient guests, or for the accommodation of those seeking health, recreation or rest, any restaurant, eating house, public conveyance on land or water, bathhouse, barber-shop, theater and music hall * * *." The next following section prescribes the penalty for a violation recoverable by the person aggrieved or an assignee of his cause of action, and, further, that each violation shall constitute a misdemeanor punishable by a fine or imprisonment or both fine and imprisonment. (Civil Rights Law, Cons. Laws, ch. 6, sections 40, 41; amd. L. 1913, ch. 265.)

The parties recognize and express the fact that the legislature did not specifically declare a liquor saloon included within either of the designations " a place of public accommodation, resort or amusement." The question, therefore, as presented by the facts, the briefs and arguments of the counsel for the parties, and correctly, is, is a liquor saloon a place of public accommodation, within the intendment of the statute.

The intention of the legislature must dictate our determination. We must effectuate the legislative purpose and design as, through legitimate rules of interpretation, we find them expressed by the language and spirit

of the statute. By virtue of those rules, the statute must be strictly construed for the reasons that it imposes restrictions upon the control or management of private property by the owner and is both penal and criminal. Its effect is not to be extended through implication or analogy. Equally true it is, however, that the clear intention of the legislature is not to be defeated through interpretation; but beyond that clear intention the penalty will not be enforced. (*Burks* v. *Bosso*, 180 N. Y. 341; *Butts* v. *Merchants & M. Transportation Co.*, 230 U. S. 126; *Woollcott* v. *Shubert*, 217 N. Y. 212.)

The classifications by the legislature, in civil rights statutes, of the places expressly and specifically included in the general designations, " a place of public accommodation " or " a place of public amusement " or " a place of public resort " are trustworthy evidence or explanation of the legislative meanings of those designations. The original civil rights statute of 1873 secured to each citizen the " equal enjoyment of any accommodation, advantage, facility or privilege furnished by innkeepers, by common carriers, whether on land or water, by licensed owners, managers or lessees of theaters, or other places of amusement, by trustees, commissioners, superintendents, teachers and other officers of common schools and public institutions of learning, and by cemetery associations." (Laws of 1873, ch. 186, sec. 1.) This provision became in 1881 a part of section 383 of the Penal Code. (Laws of 1881, ch. 676, sec. 383.) In 1893, the legislature, retaining the substance of the provision, forbade by an independent subdivision the denial, by reason of race, color or previous condition of servitude, of the full enjoyment of the accommodations and privileges "of any hotel, inn, tavern, restaurant, public conveyance on land or water, theatre or other place of public resort or amusement." (Laws of 1893, ch. 692, sec. 1.) - As thus amended, the provision has

remained. (Penal Law, sec. 514.) In 1895 the statute commonly known as the Civil Rights Act was enacted. (Laws of 1895, ch. 1042.) It applied to "inns, restaurants, hotels, eating houses, bath houses, barber shops, theaters, music halls, public conveyances on land and water, and all other places of public accommodation or amusement." In 1913 it was amended to the language of the section 40 we have already quoted.

The classifications denote the character and purpose which the places deemed, within the legislative intention and enactment, of public accommodation, resort or amusement must possess. Those places include each of those utilities, facilities and agencies created and operated for the common advantage, aid and benefit of the people, the denial of which to any person would be a discriminatory obstruction or deprivation in achieving prosperity, health, development or happiness. The existing legislative classification is not based upon the existence of a license or franchise from the state to the proprietor of the place or to the place itself; nor is it based upon the accessibility of the place for the public. The places of business of lawyers, physicians, dentists, embalmers and of many other occupations are operated under licenses and are accessible for the public. Stores, shops, the studios or galleries of artists or photographers, and very many other places are accessible for the public. It has never been and could not be claimed that civil rights in behalf of the citizen attach to those places under the existing or any prior civil rights act. Having in view the common advantage and benefit, the distinction between a restaurant or barber shop and the ordinary shop or store is not broad and conspicuous but is real and indestructible. On the other hand, many of the places specifically named in the statute are neither licensed nor operated under a license.

A liquor saloon is a shop or room wherein is kept a

varied assortment of liquors which are sold by the glass, drink or at retail. Having in view a place of public accommodation, a liquor saloon corresponds closely with that of a tobacco and cigar shop and corresponds generally with that of the ordinary store or shop. It is not a place of public accommodation within the letter or spirit of the statute. All successful occupations and every kind of business satisfies wants or needs of citizens; but the legislature clearly had in mind in enacting this statute that it should apply only to those it selected and named and to such others, if any, devoted to the general advantage, comfort or benefit, and essential or directly auxiliary to the prosperity, health, development or happiness of the citizen. (*Burks* v. *Bosso*, 180 N. Y. 341.)

The order appealed from and the judgment of the Municipal Court and the determination of the Appellate Term should be reversed and the complaint dismissed, with costs to appellant in all the courts.

HISCOCK, Ch. J., CRANE and ANDREWS, JJ., concur; CHASE, HOGAN and CARDOZO, JJ., dissent.

Ordered accordingly.