CHOCHOS ET AL. *v.* BURDEN ET AL.

[No. 10,447. Filed November 19, 1920.]

1. CIVIL RIGHTS.—*"Eating-house".*—*Statute.*—A candy kitchen and ice cream parlor, having tables at which patrons could be served, is not an "eating-house" within the meaning of the Civil Rights Act (§3863 *et seq.* Burns 1914, Acts 1885 p. 76), according all persons full and equal enjoyment of the accommodations of eating-houses, restaurants, etc., an eating-house being a place where customers may go and be served with meals. pp. 243, 245.

2. CIVIL RIGHTS.— *Penal Statute.*— *Street Construction.*— The Civil Rights Act (§3863 *et seq.* Burns 1914, Acts 1885 p. 76), which subjects persons violating its provisions to a civil liability on complaint of the person aggrieved, and to a fine or imprisonment, is highly penal, and is to be strictly construed. p. 245.

From Grant Circuit Court; *James F. Charles,* Judge.

Actions by Vennie Burden and Marsha Burden against L. Chochos and another which were consolidated for the purpose of trial and appeal. From a judgment for plaintiff in each action, the defendants appeal. *Reversed.*

*H. J. Paulus* and *Condo & Browne,* for appellants.

*Julius C. Judkins* and *William S. Amsden,* for appellees.

McMAHAN, C. J.—The appellees began separate actions against appellants to recover the penalty for an alleged violation of the statute known as the Civil Rights Act, §§3863, 3864 Burns 1914, Acts 1885 p. 76.

The first of said sections provides: "That all persons within the jurisdiction of said state shall be entitled to the full and equal enjoyments of the accommodations, advantages, facilities and privileges of inns, restaurants, eating-houses, barber shops, public conveyances on land and water, theaters, and all other places of public accommodations and amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens."

Said actions were consolidated for the purpose of trial, and are also consolidated for the purpose of appeal. After trial judgments were rendered against appellants in the case of each appellee in the sum of $25.

Appellants contend that the verdicts are not sustained by sufficient evidence and are contrary to law.

1. The evidence without conflict shows the facts to be as follows: The appellants, as partners, were

conducting a candy kitchen or ice cream parlor in the city of Marion, in which they sold candy, soda water and ice cream. The room wherein this business was conducted was furnished with a soda fountain, show cases, shelving, tables, chairs and stools. There were about a dozen tables, and four people could be seated and served at each of these tables. When patrons purchased ice cream or soda water they could sit at the tables and eat the ice cream or drink the soda water. On the occasion in controversy appellees, both of whom are colored women, went into appellants' place of business, and, after being seated at one of the tables, one of them ordered ice cream, while the other ordered a chocolate soda. Appellants refused to serve both of them because of their color; appellees then left without being served.

Appellants and appellees are in accord in that the only question to be determined on this appeal is whether or not, under the evidence, the place of business conducted by appellants was an eating-house, as that term is used in §3863, *supra.* Appellees in their brief insist that the candy kitchen conducted by appellants was an eating-house, and say that such place of business is not included in the phrase of the statute "all other places of public accommodations".

An eating-house is defined by the Century Dictionary as, "a house where food is served to customers; a place of resort for meals; a restaurant." Webster's definition is, "a house where cooked provisions are sold, to be eaten on the premises." These definitions are certainly expressive of the popular significance of the term "eating-house" as it is applied to places where the public resort to obtain meals. Appellants did not furnish meals to any of their customers; they sold candy, soda water and ice cream. The fact that patrons ate the ice cream or drank the soda water at the place where

sold, does not make the place an eating-house. There is no more reason for holding appellants' place of business an "eating-house," than there is to hold that a drug store where soda water and ice cream are sold in connection with the business is an "eating-house," and, according to the authorities, such a place is not an "eating-house." *In re Application of Henery.* (1904), 124 Iowa 358, 100 N. E. 43; *Cecil* v. *Green* (1896), 161 Ill. 265, 43 N. E. 1105, 32 L. R. A. 566.

The statute under consideration is highly penal; it subjects the person who violates its provisions to a civil liability on complaint of the person aggrieved,

2. and to a fine or imprisonment as for the commission of a misdemeanor, and is to be strictly construed. *Fruchey* v. *Eagleson* (1895), 15 Ind. App. 88, 94, 43 N. E. 146.

We are of the opinion that the legislature, when it used the expression "eating-house," referred to a place where the public might go and be served with

1. meals. The appellees having admitted that the place of business conducted by appellants is not included in the phrase "and all other places of public accommodations," we are not required to and do not pass upon that question.

The court erred in overruling the motion for a new trial in each case. Judgment is reversed as to each appellee, with directions to grant new trials and for further proceedings not inconsistent with this opinion.