[No. 17098. Department Two. November 8, 1922.]

SMALLWOOD GOFF, *Appellant,* v. W. E. SAVAGE,
*Respondent.*[1]

CONSTITUTIONAL LAW (107)—CIVIL RIGHTS—DISCRIMINATION BY
REASON OF RACE OR COLOR—CONDUCT OF PRIVATE BUSINESS—STATUTES
—CONSTRUCTION. In Rem. Comp. Stat., § 2686, making it a misde-
meanor to deny, because of race, creed or color, full enjoyment and
privileges of any place of public resort, accommodation, assemblage
or amusement, the word "public" applies to "accommodation, as-
semblage, or amusement" as well as to "resorts."

SAME (107). Such section does not apply to an ice cream stand
and soda water fountain in a drug store, as the same is not a
"public" accommodation, but a matter of private business and trade.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered September 13,
1921, in favor of the defendant, dismissing an action
for damages, tried to the court. Affirmed.

*F. W. Girand,* for appellant.

HOVEY, J.—Appellant brought an action against re-
spondent for damages, alleging that the latter had re-
fused to sell appellant a soft drink at a soda fountain
maintained by respondent in the city of Spokane, and
for the reason that appellant is a negro. Upon the
evidence introduced, the trial court found in accord-
ance with the allegations of the complaint, but con-
cluded that the business of respondent does not come
within the provisions of what is known as the civil
rights statute of this state and dismissed the action.

No authority is cited by appellant beyond the stat-
ute, and there is no appearance on the part of the

[1]Reported in 210 Pac. 374.

respondent. Our present statute is § 2686, Rem. Comp. Stat., which reads as follows:

"Every person who shall deny to any other person because of race, creed or color, the full enjoyment of any of the accommodations, advantages, facilities or privileges of any place of public resort, accommodations, assemblage or amusement, shall be guilty of a misdemeanor."

This was passed in the year 1909, prior to which time there was in effect § 2760, Rem. & Bal. Code, which enumerated certain kinds of places of business and concluded with the words "other places of public accommodation and amusement"; and it is suggested by the annotator that the former section may still be in effect to the extent that it is not supplanted by the latter section. Inasmuch as the place in question is not one of those expressly named in the former section, we conclude that, if the action lies at all, it would be by virtue of the later section, and this is the section relied upon by appellant.

We believe it is clear that the word "public," as applied to the first division of § 2686, *supra,* should also be understood to apply to each of the other three kinds of places named, and that the maxim *noscitur a sociis* applies. Lewis' Sutherland Statutory Construction, vol. 2, p. 803 (2d ed.). It is only upon the theory of the public character of the places regulated that these statutes have been sustained as constitutional, for the right of private contract is one of those guaranteed by the same Fourteenth Amendment which is so frequently appealed to for the protection of colored people.

The only subdivision of this section which can be applicable here would be "accommodation," and whether the sale of soda water is a matter of *public*

*accommodation* is the question presented for our consideration. The respondent, in the present case, operated a drug store, and in connection therewith an ice cream stand and soda fountain, and he made it a rule of his business not to serve negroes. Statutes of this character have been passed in many states and there are a large number of decisions. In this state it was assumed that the right of action would lie where the keeper of a restaurant refused to serve a negro, but it was held that, under the facts of that case, it did not appear that this was the ground of refusal. That case arose under the former statute in which restaurants are expressly named. *Chase v. Knabel,* 46 Wash. 484, 90 Pac. 642. Subsequently a right of action was sustained on our later statute in favor of one who had been ejected from a theatre. *Anderson v. Pantages Theatre Co.,* 114 Wash. 24, 194 Pac. 813. Most of the cases where recovery has been sustained have been cases where the business was clearly of a public character, such as theatres, race tracks, roller skating rinks, inns, and hotels. A well considered case where the distinction is made between public and private business is that of *Brown v. J. H. Bell Co.,* 146 Iowa 89, 123 N. W. 231, Ann. Cas. 1912B 852, 27 L. R. A. (N. S.) 407. In that case the defendant maintained a booth rented by him in a pure food show where he served coffee, gratis, to prospective customers. An admission fee was charged to the show, but the purveyor of the coffee had no interest therein. Coffee was refused to a negro woman, who sued for damages under a statute requiring equal rights in all "inns, restaurants, chop houses, eating houses, lunch counters and all other places where refreshments are served.

"Manifestly the statute under consideration was not made to, nor does it, apply to every private business,

even if the legislature had power to make it so read, and the enumeration of places in the nature of inns or places where refreshments are served, of public conveyances, barber shops, and places of amusements necessarily excludes all other places of business or places of amusement not of the kind enumerated. There is no doubt of the validity of the statute as applied to anything in the nature of an inn, public conveyance, public bath house, theater, or other place of amusement. Whether or not such a statute can be made applicable to a private barber shop we have no occasion now to determine. The other institutions are either public or quasi public in character and the legislature has undoubted power of control. These civil rights acts do not confer equality of social intercourse, and it is doubtful, to say the least, if they could be made to apply to purely private business. It is the right of a trader whose business is purely of a private character to trade with whom he will, and he may discriminate as he pleases.''

The court then goes on to say that the statute would not apply to a private soda fountain, place where soft drinks are sold, or to a saloon. On petition for rehearing, the court, in a per curiam opinion, withdrew its statement as to soda fountains and left that question open. But in *Cecil v. Green,* 161 Ill. 265, 43 N. E. 1105, 32 L. R. A. 566, it was expressly held that a drug store selling soda water is not a place of public accommodation and that the statute should not be held to apply to what is in fact private business. In *Kellar v. Koerber,* 61 Ohio 388, and *Gibbs v. Arras Bros.,* 222 N. Y. 332, 118 N. E. 857, Ann. Cas. 1918D 1141, and in *Rhone v. Loomis,* 74 Minn. 200, 77 N. W. 31, it was held that saloons are not places of public accommodation. The same doctrine was applied to a boot black stand in *Burks v. Bosso,* 180 N. Y. 341, 73 N. E. 58, 105 Am. St. 762; to a barber shop in *Faulkner v. Solazzi,* 79 Conn. 541, 65 Atl. 947, 9 L. R. A. (N. S.) 601; and in *Chochos*

*v. Burden,* 74 Ind. App. 242, 128 N. E. 696, it was held that an ice cream parlor was not an eating house within such a statute.

In our opinion, there is a further distinction between the position of one who buys an admission ticket or pays a fixed entrance price into a place commonly accepted as public, and one who enters a place of trade to which the public generally are invited but whose subsequent treatment is dependent upon the mutual agreement between the proprietor or the one conducting the place and the customer. In the latter case, the extent of the dealings and the nature of the same, whether upon credit or for cash, or whether, in fact, any dealing is to be had or not, are a matter of subsequent agreement in the same sense that a prospective patient visits a doctor's office or a client the office of an attorney. The element of discretion on the part of the one who is to part with his goods or his professional services is reserved until a contract is entered into. This distinction is suggested in *People ex rel. v. Thompson,* 283 Ill. 87, 119 N. E. 41. In our opinion, the statute was never intended to apply to the business in question, and the statute being penal in its character should be strictly construed.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MAIN, JJ., concur.