## PRYCE v. SWEDISH–AMERICAN LINES.
### District Court, S. D. New York.
#### Nov. 20, 1939.

Herman E. Cooper, of New York City (Moses Schenkman and Charles Barasch, both of New York City, of counsel), for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant has moved to dismiss plaintiff's second cause of action on the grounds that it fails to state a claim upon which relief can be granted.

The original suit was brought in the New York State Supreme Court, New York County, and removed to this court. The complaint contains two counts, and the first cause of action demands damages for $5,000 because of alleged discrimination practised by defendant against plaintiff because of her color, while she was a passenger on defendant's vessel on a cruise from New York City to various South American ports and return. Defendant is a Swedish corporation, and the vessel on which plaintiff was a passenger was under Swedish registry.

The second cause of action is based upon an alleged violation of Sections 40 and 41 of the New York State Civil Rights Law, Consol.Laws, c. 6, and seeks damages in the amount of $500, the penalty provided by the Civil Rights Law for discrimination by a common carrier against passengers because of their color or previous conditions of servitude. It is admitted that the passenger contract contained a clause specifying "that the terms thereof were to be construed and the rights of the parties thereunder determined according to the laws of the State of New York".

It is argued that this second cause of action should be dismissed because the New York Civil Rights Law is a penal law which cannot be applied extra-territorially and because such an application would constitute an illegal interference with foreign commerce. It is alleged that the provisions of the passenger contract cannot be construed as including by implication the provisions of the New York Civil Rights Law. The plaintiff asserts that the contract does include the provisions of the Civil Rights Law, and that since the complaint alleges that some of the acts of discrimination occurred within the jurisdictional confines of the State of New York, it is not sought to apply the law extraterritorially. She also argues that, in any event, Sections 40 and 41 of the New York Civil Rights Law are not of such a penal nature as to justify this court in refusing to grant them extraterritorial enforcement, and that Sections 40 and 41 do not illegally interfere with foreign commerce.

It is clear that Sections 40 and 41 of the New York Civil Rights Law are highly penal in nature, Gibbs v. Arras Brothers, 222 N.Y. 332, 118 N.E. 857, L. R.A.1918F, 826, Ann.Cas.1918D, 1141; Burks v. Bosso, 180 N.Y. 341, 73 N.E. 58, 105 Am.St.Rep. 762; and certainly it would be unreasonable to assume that the terms of the passenger contract are to be construed as including a penal provision. In any event, the second cause of action sounds in tort, and is in no way dependent upon the terms of the passenger contract.

It also appears that there is not a sufficient showing in the second cause of action to justify the conclusion that the alleged discriminations occurred within the jurisdictional confines of New York. If allowed to stand in its present form, the result would be to give an extraterritorial effect to a penal statute; and it is well settled that the territorial scope of penal statutes is limited to the confines of the state whose will they represent. See Huntington v. Attrill, 146 U.S. 657, 13 S. Ct. 224, 36 L.Ed. 1123.

There is, however, an even more compelling reason for refusing to apply Sections 40 and 41 of New York Civil Rights Law to the facts set forth in the second cause of action. To do so, would in effect be construing the statute as forbidding discrimination between passengers on the part of common carriers engaged in commerce between the port of New York and foreign ports. If construed in such a manner, the statute undoubtedly would illegally interfere with foreign commerce. See Hall v. De Cuir, 95 U.S. 485, 24 L.Ed. 547.

In my opinion, the second cause of action will have to be dismissed.