ABRAHAM D. CECIL

*v.*

HAMER H. GREEN.

*Filed at Springfield May 12, 1896.*

1. CIVIL RIGHTS—*construction of Civil Rights act—general terms controlled by specific enumeration.* The general expression in the Civil Rights act of June 10, 1885, (Laws of 1885, p. 64,) "all other places of public accommodation and amusement," embraces only places of the same general character or kind as inns, restaurants, eating houses, barber shops, etc., before specifically enumerated.

2. SAME—*what is a place "of public accommodation."* A drug store in which soda water is sold is not a place of public accommodation and amusement, within the Civil Rights act, but is to be classed with other mercantile stores, and the keeper thereof may refuse to sell soda water to a colored person.*

*Cecil* v. *Green*, 60 Ill. App. 61, affirmed.

*On the question of the constitutional equality of the privileges of citizens, the authorities are presented in a note to *Louisville Safety Vault and Trust Co.* v. *Louisville and Nashville Railroad Co.* (Ky.) 14 L. R. A. 579.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

The original declaration in this case contained two counts, the first of which alleges that the defendant, in a building occupied by him, was engaged in the drug business, and in connection therewith kept for sale certain refreshments, to-wit, soda water, ice cream soda water, ginger ale, phosphate, cherry phosphate, root beer, etc.; that the plaintiff tendered the price of cherry phosphate and was refused, and was informed that it was on account of his color. The second count alleges that the defendant was engaged in the public business, and kept for sale to the public certain refreshments, to-wit, the same articles mentioned above, and that the plaintiff, on the 6th day of August, 1894, entered said place of business and tendered the price of certain articles kept for sale by the defendant, (without mentioning the name of the article,) and was informed by the defendant that he could not purchase such article of him. This count does not allege any reason for the refusal. A demurrer was interposed to these counts. Subsequently, by leave of the court, three other special counts were filed, the first two of which were withdrawn and the third allowed to stand. This count was also demurred to. It alleges, in substance, that on the 6th day of August, 1894, the defendant was engaged in running a soda fountain for public accommodation, and that said soda fountain was a place of public accommodation, and the defendant kept certain articles for sale at said place of business, to-wit, the same articles mentioned in the first count, and that the plaintiff, being a colored citizen, on the 6th day of August, 1894, entered said place of the defendant and tendered the "ordinary price for which said articles kept by said Hamer H. Green for public

accommodation were sold to the public in general," and that the defendant refused to sell said articles to plaintiff on account of his color. The court sustained the demurrer to each of these counts, and the judgment was affirmed by the Appellate Court for the Third District, and this appeal is prosecuted.

CHARLES M. PEIRCE, for appellant:

The question involved in this case has been passed upon in the case of *Bayliss* v. *Curry*, 30 Ill. App. 105, and 128 Ill. 287. In that case the refusal was to sell theater tickets to a colored lady solely on account of her color. The principle of building up barriers of discrimination between citizens on account of their color has frequently been up in our own courts. In the case of *People ex rel.* v. *Board of Education*, 101 Ill. 308, the same principle received a blow at the hands of the Supreme Court, where it was decided that the board of education has no right to deny children of proper age admission to the public schools on account of nationality, color or religion.

ROWELL, NEVILLE & LINDLEY, for appellee:

It is a sensible and well-understood rule of construction, that when, after an enumeration, the statute employs some general term to embrace other cases, those cases must be understood to be of the general character, sort or kind with those named. *Brooks* v. *Cook*, 44 Mich. 617; *Hawkins* v. *Railway Co.* 17 id. 57; *McDade* v. *People*, 29 id. 50.

The license which every retail dealer impliedly gives to the public to enter his shop for the examination of his goods is always subject to revocation. Cooley on Torts, chap. 10, p. 305; *Burton* v. *Schoff*, 1 Allen, 133; *Woodard* v. *Sealey*, 11 Ill. 157; *Wood* v. *Leadbetter*, 13 M. & W. 838.

It is a part of every man's civil rights that he be left at liberty to refuse business relations with any person whomsoever, whether the refusal rest upon reason, or is the result of whim, caprice, prejudice or malice. Cooley on Torts, 278-286, and cases cited.

The common law casts no duty on a mere tradesman or retailer to exercise his trade for or to sell his wares to such as request him.   *Munn* v. *Illinois*, 94 U. S. 115.

Mr. JUSTICE PHILLIPS delivered the opinion of the court :

This case presents for construction the provisions of an act entitled: "An act to protect all citizens in their civil and legal rights, and fixing a penalty for violation of the same," approved June 10, 1885. (Laws of 1885, p. 64.)   Section 1 of that act reads as follows: "That all persons within the jurisdiction of said State shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating houses, barber shops, public conveyances on land or water, theatres, and all other places of public accommodation and amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens."

Under this provision of the statute full and equal enjoyment of the accommodations, advantages, facilities and privileges of certain places of public resort is required to be extended to all persons within the jurisdiction of this State.   It is a clearly established rule of construction, that if, after enumerating certain places of business on which a duty is imposed or a license required, the same statute then employs some general term to embrace other cases, no other cases will be included within the general term except those of the same general character or kind so specifically enumerated. (Potter's Dwarris, 247, 248; *In re Swigert,* 119 Ill. 83; *Shirk* v. *People,* 121 id. 61; *Brook* v. *Cook,* 44 Mich. 617.)   Public conveyances on land or water and inns and theatres have, from the earliest history of this State, been, to a greater or less extent, subjected to police regulations, and statutes have been enacted with reference to their government. Restaurants, eating houses and barber shops are of such

character they are resorted to, necessarily, by all classes of persons from time to time. All these places of public resort were by the legislature declared to be places at which all persons within the jurisdiction of this State should be entitled to full and equal enjoyment of their accommodations and advantages, under all conditions. The term "and all other places of public accommodation and amusement," under the principle of construction first stated, can only be held to include cases of the same general character, sort or kind.

Under the averments of this declaration the defendant, as proprietor of a drug store, kept a soda fountain, from which he dispensed the character of liquids usually sold therefrom. Such places can be considered places of accommodation or amusement to no greater extent than a place where dry goods or clothing, boots and shoes, hats and caps or groceries are dispensed. The personal liberty of an individual in his business transactions and his freedom from restrictions is a question of the utmost moment, and no construction can be adopted by which an individual right of action will be included as controlled within a legislative enactment, unless clearly expressed in such enactment and certainly included within the constitutional limitation on the power of the legislature. Nothing in this provision requires a physician to attend a patient, a lawyer to accept a retainer, a merchant to sell goods or a farmer to employ labor unless of his own volition, regardless of any reason, whether expressed or not. The general provision does not include the business of the defendant, nor is it included within the terms specially named.

It was not error in the circuit court to sustain the demurrer, nor in the Appellate Court to affirm its judgment. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*