## HARVEY, INC v SISSLE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15405. Decided June 29, 1936

Quinn, Horning & La Porte, Cleveland, for plaintiff in error.

Chester K. Gillespie, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

The plaintiff Ellen Sissle recovered a judgment against the defendant, Harvey, Inc., for the sum of One Hundred Dollars based upon a claim that she was refused service in a store of the defendant in violation of §12940 GC. This section, so far as pertinent, reads as follows:

"DENIAL OF PRIVILEGES AT INNS AND OTHER PLACES BY REASON OF COLOR. Whoever, being the proprietor or his employee, keeper or manager of an inn, restaurant, eating house, barber-shop, public conveyance by land or water, theatre or other place of public accommodation and amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aides or incites the denial thereof, * * *."

This case was presented to us for review on error. The plaintiff claims that this retail store maintained by defendant to sell apparel for women is comprehended within this Act. The defendant denies it. This is the issue upon which the case must be determined.

The question is whether or not the general language contained in the Act "or other place of public accommodation and amusement" is limited in its application to the particular words or particular activities theretofore mentioned and specified in the Act. It should be noted that these specific words relate principally to places maintained for lodging or providing food or public conveyance or theatres. Of course, any business by whatever name of which any specific or particular word or phrase used in the Act is definitive is controlled thereby. There is no specific mention in the Act of retail stores or the professions

or any of the many other occupations and trades in which the citizens of the State engage that are unlike and dissimilar to those specified.

It has long been a rule of statutory construction in this state that whenever general words follow particular words, the application of the general words must be limited to things of the same kind and character as those specified. The only exception to this rule is any instance in which its application results in an apparent limit or defeat of the legislative intent evidenced by the language and apparent purpose of the Act itself.

If the legislative intent was general and all-inclusive as claimed by counsel for plaintiff, it would have been a very simple matter to have used general language only. The fact that particular words and phrases were employed and these particular activities thereby emphasized rebuts any contention that the intent was general and all-comprehensive. This court would be legislating to construe the general words following the particular in the manner urged and would be doing so in defiance of the well and long established rule of statutory construction.

If the legislative intent was an all-embracing Act, then that body engaged in a tautological performance in writing §25 into the Liquor Control Act in 1933. (§6064-25 GC). Likewise, when it wrote §§9401 and 12954 GC in the Statutes relating to any company engaged in the insurance business imposing punishment for any discrimination.

For cases dealing with this subject or construction in Ohio reference is made to Volume XI, Page's Complete Ohio Digest, (last edition) page 642.

Also the following section under the title "Civil Rights" in Volume VII Ohio Jurisprudence, page 494, §26:

"RETAIL STORES.—Retail stores are private businesses, not intended to be included within the Civil Rights statute. A drug store is not included within the statute, although it has a soda fountain business, which is merely an adjunct to the drug business."

The general law relating to this rule is stated and summarized in Vol. V, Ruling Case Law, page 586 in the following language:

"And so where the law enumerates certain places such as inns, eating houses, theatres, and public conveyances, and con-

cludes with a general clause covering 'all other places of public accommodation and amusement,' entitling all persons to the full and equal accommodations therein, it is clearly established as a rule of construction that if. after enumerating certain places of business on which a duty is imposed or for which a license is required, the same statute then employs some general term to embrace other cases, no other cases will be included in the general term except those of the same general character or kind as those specifically enumerated."

It will be noted that this text is supported by eminent authority. Included within the cases listed in the foot notes are:

Cecil v Green, 161 Ill. 265.

Burke v Bosso, 180 N. Y. 341.

Brown v Bell Co., 146 Ia. 89.

It is doubtful if any reported case of any court of well recognized standing and authority can be found anywhere in conflict with those hereinbefore cited or referred to supporting this rule that compels our conclusion.

Counsel for plaintiff emphasizes the language of the opinion in the case of Youngstown Railway Company v Tokus, 4 Oh Ap page 276. The holding in this case is that a dancing pavilion is within the statute. We agree therewith as such a place as was involved is clearly a public place of amusement. Much that the court said in its opinion is obiter. It cites cases dealing with public places. It cites none wherein a business that is at least to some extent a private business involving to some extent the constitutional right of private contract is considered and decisions rendered in respect thereto. This decision involving a dance pavilion does not conflict with the holding in the case at bar involving a retail store.

In olden times we were taught that the right of private contract was a constitutional guaranty. If a farmer had grain or cattle to sell or a manufacturer had machinery to sell or a merchant had merchandise to sell, we were told that he could sell it whenever, to whomsoever and upon whatever terms he chose. He could refuse to sell to a German, Irishman, Negro, Jew or any other person for any or no reason. It is now said that this former concept must be modified to the extent that anyone who offers the market price for his wares may enforce the sale. Before this modification of the right of private contract becomes statute law, it should at least receive express legislative declaration.

The majority of this court are of the firm conclusion that these general words relate only to places of similar character and kind to those specifically mentioned. Retail stores are private businesses not within the provisions of the Civil Rights Statutes as now framed. Whatever our private ideas may be in the matter, this rule of statutory construction in force in Ohio and other states compels us to hold that this judgment is contrary to law.

The remedy of the plaintiff and all others who are unfortunately in her position and claim to have similar grievances lies with the legislature through an amendment to this statute.

The judgment is reversed as contrary to law and final judgment entered for plaintiff in error.

TERRELL, J, concurs.

LEVINE, J, dissents.