TERRELL WELLS SWIMMING POOL et al. v. RODRIGUEZ.

No. 11368.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 2, 1944.

Rehearing Denied March 1, 1944.

Writ of Error Refused by Supreme Court Oct. 4, 1944.

Geo. G. Clifton, of San Antonio, for appellants.

M. C. Gonzales, of San Antonio, and H. S. Lattimore, of Fort Worth, for appellee.

PER CURIAM.

This suit was instituted by Jacob I. Rodriguez on behalf of himself and all other persons similarly circumstanced, seeking a mandatory injunction requiring defendants, Terrell Wells Swimming Pool, Inc., and H. E. Stumberg, its president and general manager in the operation of the swimming pool, to offer and extend equal accommodations, advantages, facilities, and privileges to plaintiff and all other persons of Hispanic or Mexican descent.

Upon a trial before the court without the intervention of a jury judgment was rendered granting the injunction as prayed for.

From this judgment Terrell Wells Swimming Pool, Inc., a private corporation, and H. E. Stumberg, its president and manager, have presented this appeal.

The law in this State is well settled that in the absence of Civil Rights Legislation to the contrary the proprietor of a place of amusement which is privately operated can refuse to sell a ticket to and may thereby exclude any person he desires from the use of his facilities for any reason sufficient to him, or for no reason whatever. If a ticket has been purchased by a person whom the proprietor

desires to eject from the premises, this may be done by refunding the price of the ticket and not using unnecessary force to make the ejectment. A ticket to a swimming pool is merely a revocable license. Jordon v. Concho Theatres, Tex.Civ.App., 160 S. W.2d 275; Kelly v. Dent Theaters, Tex. Civ.App., 21 S.W.2d 592; Boswell v. Barnum & Bailey, 135 Tenn. 35, 185 S.W. 692, L.R.A.1916E, 912; 26 R.C.L. 704; Bowlin v. Lyon, 67 Iowa 536, 25 N.W. 766, 56 Am.Rep. 355; Woollcott v. Shubert, 217 N.Y. 212, 111 N.E. 829, L.R.A.1916E, 248, Ann.Cas.1916B, 726; Cecil v. Green, 161 Ill. 265, 43 N.E. 1105, 32 L.R.A. 566; United States v. Washington, C.C., 20 F. 630; 14 C.J.S., Civil Rights, § 3, p. 1161.

 The rule, as it exists in Texas, is well stated in 26 R.C.L. 704, as follows: "In this country, the great weight of authority is to the effect that the right of a purchaser of a ticket to enter and remain at a theater, circus, race track or private park, is a mere revocable license. The proprietor of an amusement enterprise may deny admission to anyone, and a person having entered may be forced to depart on request, and if he refuse to depart, he may be removed with such force as is necessary to overcome his resistance. No action will lie, in the absence of some statute regulating admission to places of amusement, for refusal to admit any person. If the license to enter be revoked by the proprietor and a ticket holder ejected without unnecessary force, the only remedy of the holder of the ticket is an action for breach of the contract, and his damages are limited to the price of the ticket and any expenses incident to the purchase of the ticket and attending the place of amusement."

 Appellee contends, however, that this rule has been changed by H. C. R. No. 105, passed by the regular session of the 48th Legislature, Acts 1943, p. 1119, and the Governor's proclamation issued June 25, 1943.

On May 6, 1943, the Honorable Coke Stevenson, Governor of the State of Texas, approved House Concurrent Resolution 105, adopted by the 48th Legislature of the State of Texas, wherein it was resolved as follows:

"That the Forty-eighth Legislature of the State of Texas go on record as declaring the following to be the public policy of this State:

"1. All persons of the Caucasian Race within the jurisdiction of this State are entitled to the full and equal accommodations, advantages, facilities, and privileges of all public places of business or amusement, subject only to the conditions and limitations established by law, and rules and regulations applicable alike to all persons of the Caucasian Race.

"2. Whoever denies to any person the full advantages * * * except for good cause applicable alike to all persons of the Caucasian Race * * * shall be considered as violating the good neighbor policy of our State."

On June 25, 1943, the Honorable Coke Stevenson, Governor, by Executive Proclamation, declared the good neighbor policy of Texas to be as set forth in said H.C.R. 105, and directed all citizens of the State to observe the same.

Appellee was refused admittance to the Terrell Wells Swimming Pool because he was of Hispanic or Mexican descent and his contention here is that this conduct on the part of the proprietor of the swimming pool violates the Good Neighbor Policy of this State as found in H.C.R. 105, and the Governor's Proclamation, and that therefore he is entitled to a mandatory injunction requiring such proprietor to admit him to the swimming pool. We overrule this contention.

There can be no doubt but that under the law as it existed in this State prior to the passage of H.C.R. No. 105, the proprietor of Terrell Wells Swimming Pool had the legal right to admit to his place of amusement only such persons as he desired and this law has not been changed by either H.C.R. 105 or the Governor's Proclamation. A concurrent Resolution of the Legislature does not have the effect of a statute. Mosheim v. Rollins, Tex.Civ. App., 79 S.W.2d 672; Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, 104 S.W.2d 3; City of San Antonio v. Micklejohn, 89 Tex. 79, 33 S.W. 735; State v. Delesdenier, 7 Tex. 76.

We must presume that if the Legislature of this State had desired to change the common law as it has always existed in this State and enact a "civil rights" law regulating who should be admitted to private places of amusement, that it would have done so by the well-known and exclusive method of enacting a "Bill" to that effect

and would not have passed only a resolution.

With reference to the proclamation issued by the Governor on June 25, 1943, it is sufficient to say that the Governor of this State, even in time of war, is without power to change the existing law merely by the issuance of a proclamation, and we attribute no such intention to the Governor.

Appellee next contends that inasmuch as the swimming pool is operated under a charter from the State it must therefore follow the public policy of the State as set forth in the resolution and proclamation. We overrule this contention. It is not shown that there is anything in the charter regulating who must be admitted to the swimming pool, and therefore no showing that any of the provisions of such charter are being violated. The questions involved in this case are unaffected by the fact that Terrell Wells Swimming Pool is incorporated or unincorporated.

The trial court erred in granting the injunction and, accordingly, the judgment will be reversed and judgment here entered denying the injunction.