

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 4, 1953

Hon. Tom Sealy                    Opinion No. S-98
Chairman, Board of Regents
The University of Texas           Re: Authority of The University
Austin, Texas                         of Texas and its branches
                                      to expend funds appropriated
                                      by the General Appropriation
                                      Bill for the biennium ending
                                      August 31, 1955, for the pur-
                                      poses of providing air condi-
                                      tioning for existing State
                                      buildings at such institutions
                                      or for the purchase of room
                                      air conditioning machinery or
Dear Mr. Sealy:                       units.

Your request for an opinion reads in part:

"Your opinion is respectfully requested
upon whether or not funds appropriated to The
University of Texas and its branches by House
Bill No. 111 passed by the General Appropria-
tion Bill for the biennium ending August 31,
1955, may be used on and after September 1,
1953, for the purpose of providing air condi-
tioning of existing buildings at such respective
institutions or for the purchase of room air
conditioning machinery or units."

The 52nd Legislature included within the General
Appropriation Act (Sec. 37, Art. V, Ch. 499, Acts 52nd Leg.,
1951, at p. 1947, approved June 28, 1951), a provision prohi-
biting the expenditure of any funds appropriated to agencies of
higher education, including The University of Texas, for the pur-
chase of new or additional air conditioning or refrigerating
equipment for any purpose (with certain exceptions not here per-

tinent) during the biennium beginning September 1, 1951.
The same Legislature also passed House Concurrent Reso-
lution No. 38, approved May 10, 1951, which declared, in ef-
fect, that numerous budget requests had been presented to
the Legislature for the appropriation of funds for air condi-
tioning State buildings and purchase of air conditioning ma-
chinery and room air conditioning units, and that it was eco-
nomically unsound to air condition State buildings, except
new construction, or to purchase air conditioning machinery
or units for use therein. Therefore the policy of the State of
Texas was not to permit the use of State funds for air con-
ditioning State buildings, except new construction, or for the
purchase of room air conditioning machinery or units.

The 53rd Legislature failed to include any pro-
hibition in the General Appropriation Act (Ch. 81, Acts 53rd
Leg., 1953, p. 127) as to the expenditure of funds by agencies
of higher education or any other governmental department or
agency for the purpose of air conditioning State buildings,
either old or new, or for the purpose of purchasing air con-
ditioning units for use therein, and expressly omitted the pro-
hibitory clause contained in Section 37, Article V, of the Gen-
eral Appropriation Act of the 52nd Legislature.

The legal proposition here involved is whether the
expenditure of funds under the General Appropriation Act of
the 53rd Legislature is governed by the directive contained in
H.C.R. No. 38 of the 52nd Legislature.

The Constitution clearly recognizes the right of
the Legislature to express its will by resolution (Art. III,
Secs. 34, 38; Art. IV, Sec. 15, Constitution of Texas), but
there is a marked distinction between a law and a resolution.
As was stated in Conley v. United Daughters of the Confederacy,
164 S.W. 24, 26 (Tex. Civ. App. 1913, error ref.):

"The chief distinction between a resolution
and a law seems to be that the former is used
whenever the legislative body passing it wishes
to merely express an opinion as to some given

matter or thing, and is only to have a temporary effect on such particular thing; while by the latter it is intended to permanently direct and control matters applying to persons or things in general. . . . "

A concurrect resolution of the Legislature does not have the effect of a statute. Terrell Wells Swimming Pool v. Rodriguez, 182 S.W.2d 824, 826 (Tex. Civ. App. 1944, error ref.) and the general rules governing the interpretation of statutes are likewise applicable to resolutions. (2 Sutherland on Statutory Construction, 262).

It is significant that the General Appropriation Act of the 53rd Legislature does not contain the prohibitory provision against the expenditure of appropriated funds for the purpose of air conditioning buildings or the purchase of air conditioning units for agencies of higher education. It is a rule of statutory construction that the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words. San Marcos Baptist Academy v. Burgess, 292 S.W. 626 (Tex. Civ. App. 1927, plea of privilege case, no writ history).

In Terrell v. King, 118 Tex. 237, 14 S.W.2d 786 (1929), it was held that the Legislature, which had enacted a law making an appropriation for its contingent expenses, could, by joint resolution approved by the Governor, direct the expenditure of a portion of the appropriation in financing a legislative committee which was lawfully created, and that since the purpose was of a temporary nature only, the joint resolution was the proper method of authorizing the expenditure of the funds which had been previously appropriated in accordance with law. The Court then said:

"It is no longer an open question in Texas that a joint resolution of both Houses, approved by the Governor, reflects the command and will

of the State in one of the modes prescribed
by the Constitution and is as binding as a sta-
tute."

The Court cited no authorities in support of the quoted dic-
tum, but it is our opinion that such dictum is not controlling
in view of the action of the Supreme Court in refusing the
application for writ of error in Terrell Wells Swimming Pool
v. Rodriguez, supra, in 1944.

In Mosheim v. Rollins, 79 S.W.2d 672 (Tex. Civ.
App. 1935, error dism.), it was held that a resolution passed
in aid of a statute falls when such statute is declared uncon-
stitutional. Here the resolution passed in aid of the General
Appropriation Act of the 52nd Legislature, by analogy must
cease to have any effect upon the expiration of the General Ap-
propriation Act of the 52nd Legislature. The Legislature,
through a concurrent resolution, may express a policy which
would control the interpretation of statutes passed by that Leg-
islature only.

In view of the fact that H.C.R. No. 38 is a mere
expression of an opinion by the 52nd Legislature that the ex-
penditure of funds for air conditioning of buildings under the
control of agencies of higher education was economically un-
sound at the time of the passage of the General Appropriation
Act for the biennium commencing September 1, 1951, and since
as a matter of law a resolution has only a temporary effect as
to such appropriation, it is our opinion that the 53rd Legisla-
ture did not consider such concurrent resolution to be binding
upon or express the opinion of that body in enacting the General
Appropriation Act for the biennium beginning September 1, 1953,
having purposely omitted therefrom any provision prohibiting any
State agency or department from expending appropriated funds
for the purpose of either air conditioning State buildings or
purchasing air conditioning units to be used therein.

## SUMMARY

Funds appropriated to The University of

Texas and its branches by the General Appropriation Bill for the biennium ending August 31, 1955, may be used for the purpose of providing air conditioning for existing State buildings at such institutions or for the purchase of room air conditioning machinery or units.

APPROVED:                                    Yours very truly,

Mary K. Wall                                 JOHN BEN SHEPPERD
Reviewer                                     Attorney General

Burnell Waldrep
Reviewer

By *C. K. Richards*

Robert S. Trotti                             C. K. Richards
First Assistant                                        Assistant

John Ben Shepperd
Attorney General

CKR:da