

# THE ATTORNEY GENERAL
## OF TEXAS

September 16, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**


Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 E. Riverside Drive
Austin, Texas  78704-9982

Opinion No.  JM-954

Re:  Per diem for members of the Board of Texas Rehabilitation  Commission and its subordinate components (RQ-1330)

Dear Commissioner Arrell:

You ask about the per diem to be paid to members of the Texas Rehabilitation Commission as well as the per diem to be paid to members of several subordinate or related committees, councils, and advisory boards.

Article 6813f, V.T.C.S., is a general provision dealing with per diem for members of "state boards or commissions." Article 6813f, which was originally enacted in 1981, provides:

> Sec. 1.  In this Act, "state board or commission" means a board, commission, committee, council, or other similar agency in the executive or judicial branch of state government that is composed of two or more members.

> Sec. 2.  (a) A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.

> (b) This section does not apply to a member of the legislature who serves on a board or commission by virtue of the member's position as a legislator.

> Sec. 3.  Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the

extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.

See generally Attorney General Opinions JM-888 (1988); JM-426 (1986); JM-382, JM-349 (1985); MW-388 (1981).

The current appropriations act sets out the following per diem allowances:

Sec. 4. PER DIEM OF BOARD OR COMMISSION MEMBERS. a. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) compensatory per diem at $30 per day; (2) actual expenses for meals and lodging not to exceed $75 per day; and (3) transportation.

b. If a law enacted after Article 6813f authorizes per diem for members of a particular state board or commission, but does not specify the amount of the per diem, then the amount of the per diem shall be as listed in the preceding paragraph.

General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. V § 4(a), at 820.

You first ask how much members of the board of the Rehabilitation Commission are entitled to receive for their expenses. Section 111.015 of the Human Resources Code was amended in 1985 to provide as follows:

(a) Board members [of the Rehabilitation Commission] are entitled to reimbursement for actual and necessary expenses incurred in the discharge of their official duties and the compensatory per diem authorized by the General Appropriations Act for each day at an official meeting as authorized by the board.

(b) A member of the board who is disabled and who, because of the disability, requires special aids or travel attendants is entitled

to reimbursement for the cost of the  special
aids or travel attendants.

The prior version of section 111.015 provided:

Board members  serve without  compensation
but are entitled to reimbursement for  actual
and  necessary  expenses  incurred  in  the
discharge of their official duties.

Acts 1979, 66th Leg., ch. 842, at 2421.

The Rehabilitation Commission and the Comptroller agree
that a statute passed after  the enactment of article  6813f
that sets  per diem  for a  particular board  prevails  over
article 6813f.  However,  the Rehabilitation Commission  and
the Comptroller  disagree about ·the  effect  of  the  1985
amendments to section 111.015  of the Human Resources  Code.
The Rehabilitation Commission  takes the  position that  the
original version of section 111.015, which authorized actual
expenses, was superseded by article 6813f, but that the 1985
amendments reenacted the  authorization for actual  expenses
and made  section 111.015  a  later enactment  than  article
6813f.  The Comptroller argues  that the 1985 amendments  do
not make section  111.015 a later  enactment than 6813f  for
purposes of  determining the  amount  of expenses  to  which
board members  are  entitled.   The  Comptroller  bases  his
argument on the fact that the 1985 amendment left the  words
regarding actual expenses unchanged.

The Board  of Irrigators  raised essentially  the  same
argument in Attorney General Opinion JM-888 (1988).  In that
opinion we  considered  a  1985  amendment  to  the  statute
governing per diem for members  of the Board of  Irrigators.
That amendment  replaced language  allowing $25  a  day  in
compensatory per  diem  with  a  reference  to  the  General
Appropriations Act; but  it retained the  exact language  of
the prior version regarding  actual expenses. We  concluded
that the  1985  amendment reenacted  the  authorization  for
actual expenses  because  the  statutory  reference  to  the
appropriations act  eliminated  any  argument  that  the
legislature was  unaware  of  the  existence  of  the
appropriations act and  the conflict  on the  appropriations
act provisions and  the provisions of  section 111.015.   We
concluded, therefore, that the  statute governing the  Board
of Irrigators prevailed over  article 6813f.  The  reasoning
of Attorney General  Opinion JM-888 applies  to  the  1985
amendment to section  111.015 of the  Human Resources  Code.
Therefore, we conclude that the provision authorizing actual
travel expenses  for  board members  of  the  Rehabilitation
Commission has been reenacted and that the board members are
entitled to reimbursement for actual expenses.

You next ask whether members of the Consumer Advisory Committee of the Rehabilitation Commission are entitled to actual expenses. The committee is established pursuant to section 111.016 of the Human Resources Code. Subsection (d) of section 111.016 provides that the committee members are entitled to reimbursement for actual and necessary expenses. Before 1985, section 111.016 permitted the Rehabilitation Commission to set up advisory committees. In 1985 it was amended to require the Rehabilitation Commission to set up a consumer advisory committee, and the commission's general authority to set up advisory committees was deleted. Acts 1958, 69th Leg., ch. 603, at 2273. Before the 1985 amendment subsection (d) of section 111.016 provided:

> The members of the advisory committee serve without compensation but are entitled to reimbursement for actual and necessary expenses incurred in attending the official meetings of the advisory committee.

Acts 1969, 61st Leg., ch. 40, § 5(b), at 105; Acts 1971, 62d Leg., ch. 405, § 54(2), at 1533. The 1985 amendment changed subsection (d) to read as follows:

> The members of the consumer advisory committee are entitled to compensatory per diem authorized by the General Appropriations Act for each day engaged in the performance of their duties as directed by the board and to reimbursement for actual and necessary expenses incurred in attending the official meetings of the consumer advisory committee.

Again, for the reasons set out in Attorney General Opinion JM-888, we conclude that the 1985 amendment reenacted the provision regarding actual expenses and that the members of the Consumer Advisory Committee are entitled to reimbursement for actual expenses.

Your third question is whether members of the Governor's Committee for Disabled Persons are entitled to receive reimbursement for actual expenses. The Governor's Committee for Disabled Persons was reestablished by an executive order issued on October 5, 1987. Executive Order No. WPC 87-16 (1987). The executive order provides in section II-3:

> APPOINTED committee members shall serve without pay, but shall be entitled to actual and necessary expenses incurred in performance of COMMITTEE business, such business to include attendance at Committee meetings,

> telephone calls to conduct Committee business, and attendance at functions to officially represent the Committee, but such expenses shall be limited to funds available.

In Attorney General Opinion JM-382 (1985) we concluded that the per diem provisions of article 6813f, V.T.C.S., apply to boards and committees established by executive order. The governor has no power to change existing law merely by issuing a proclamation. _Terrell Wells Swimming Pool v. Rodriquez_, 182 S.W.2d 824, 827 (Tex. Civ. App. - San Antonio 1944, writ ref'd). Therefore, absent specific statutory authority to do so, the governor may not set a per diem for a board or committee that conflicts with the general law set out in article 6813f. The members of the Governor's Committee for Disabled Persons are therefore entitled to reimbursement for expenses subject to the limitations set out in the appropriations act.

You next ask whether members of the State Independent Living Council are entitled to compensatory per diem and reimbursement for expenses. Federal law provides that each state receiving federal funds for the provision of independent living services for the disabled must set up a State Independent Living Council. 29 U.S.C. § 796d(a)(1). _See generally_ 29 U.S.C. §§ 796-796i. The federal statute sets out the qualifications for membership on the council and provides that the state agency designated under section 796d(a)(1) is responsible for appointing the members of the council. We assume that the Rehabilitation Commission is the agency designated in section 796d(a)(1). _See_ Hum. Res. Code §§ 111.051, 111.053; 40 T.A.C. § 101.1; ch. 107 (independent living). In Attorney General Opinion JM-382 we concluded that the provisions of article 6813f apply to state committees created pursuant to agency authority. The Independent Living Council is apparently such an agency. _See generally_ Hum. Res. Code § 111.053 (commission may adopt methods of administration found necessary by federal government); § 111.054 (Rehabilitation Commission may comply with any requirements necessary to obtain federal funds). Absent specific authority, however, an agency may not enact a rule allowing reimbursement for expenses in excess of the amount authorized by article 6813f and the appropriations act. _See_ Attorney General Opinion JM-457 (1986) (providing that agency rules may not conflict with statute). Therefore, members of the Independent Living Council are entitled to reimbursement for expenses as provided by the appropriations act. We also conclude that members of the Independent Living Council are not entitled to compensatory per diem in the absence of a specific statute authorizing compensatory per diem. _See_ Attorney General Opinion JM-382 (1985).

You also ask about per diem for members of the Deaf-Blind Advisory Committee, which was created by the commission pursuant to the commission's authority to establish programs to help deaf-blind multihandicapped individuals. Hum. Res. Code § 113.001. Because there is no specific statutory authority governing the committee, article 6813f is applicable. Thus, the members are entitled to reimbursement for travel expenses as provided in the appropriations act, and they are not entitled to compensatory per diem.

You also ask about per diem for members of the State-wide Steering Committee, which was established pursuant to a Senate Concurrent Resolution. Acts 70th Leg., S.C.R. 135. It is composed of representatives of various agencies, and its purpose is to report to the legislature. The resolution is silent as to compensatory per diem and reimbursement for expenses. Because all the members of the committee are apparently employees or volunteer agents of specific state agencies, we conclude that the committee is in the executive branch and that article 6813f is applicable. See V.T.C.S art. 6813f, § 1. (per diem provisions of article 6813f not applicable to committees in the legislative branch). Therefore, committee members are entitled to reimbursement for expenses in accordance with the provisions of the appropriations act, and they are not entitled to compensatory per diem.

Your final question regards the Medical Consultation Committee. You provide the following information about the committee:

> The Medical Consultation Committee created by the Commission pursuant to Section 111.052, Human Resources Code, V.T.C.A., the membership of which is appointed by the Commissioner. This Committee is a group of medical practitioners that meet at various times during the year to provide consultation on medical matters to the Commission and as such are reimbursed in accordance with Art. 664.4, Professional Services Procurement Act, and the provisions of attachment G.

We assume that the committee was created either pursuant to subsection (b)(6) of section 111.052 of the Human Resources Code, which permits the rehabilitation commission to "contract with . . . doctors . . . for training, physical restoration, transportation, and other rehabilitation services," or pursuant to the more general subsection (b)(3), which authorizes the Rehabilitation Commission to contract with individuals as necessary to implement the

provisions of Chapter 111 of the Human Resources Code. Those provisions and your reference to the Professional Services Procurement Act suggest that the the physicians in question have contracted with the Rehabilitation Commission to provide professional services. If so, they are entitled to payment in accordance with the terms of their contracts.

## S U M M A R Y

Members of the board of the Texas Rehabilitation Commission are entitled to reimbursement for actual expenses incurred in the discharge of their duties. Members of the Consumer Advisory Committee of the Rehabilitation Commission are entitled to reimbursement for actual expenses incurred in attending official meetings. Members of the Governor's Committee for Disabled Persons are entitled to per diem for expenses subject to the limitations set out in the appropriations act. Members of the State Independent Living Council, members of the Deaf-Blind Advisory Committee, and members of the Statewide Steering Committee are entitled to per diem for expenses subject to the limitations set out in the appropriations act and are not entitled to compensatory per diem.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General