Mr. Vernon M. Arrell Commissioner Texas Rehabilitation Commission 118 E. Riverside Drive Austin, Texas 78704-9982
Re: Per diem for members of the Board of Texas Rehabilitation Commission and its subordinate components (RQ-1330)
Dear Commissioner Arrell:
You ask about the per diem to be paid to members of the Texas Rehabilitation Commission as well as the per diem to be paid to members of several subordinate or related committees, councils, and advisory boards.
Article 6813f, V.T.C.S., is a general provision dealing with per diem for members of "state boards or commissions." Article 6813f, which was originally enacted in 1981, provides:
 Sec. 1. In this Act, "state board or commission" means a board, commission, committee, council, or other similar agency in the executive or judicial branch of state government that is composed of two or more members.
 Sec. 2. (a) A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.
 (b) This section does not apply to a member of the legislature who serves on a board or commission by virtue of the member's position as a legislator.
 Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act.
See generally Attorney General Opinions JM-888 (1988); JM-426
(1986); JM-382, JM-349 (1985); MW-388 (1981).
The current appropriations act sets out the following per diem allowances:
 Sec. 4. PER DIEM OF BOARD OR COMMISSION MEMBERS. a. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) compensatory per diem at $30 per day; (2) actual expenses for meals and lodging not to exceed $75 per day; and (3) transportation.
 b. If a law enacted after Article 6813f authorizes per diem for members of a particular state board or commission, but does not specify the amount of the per diem, then the amount of the per diem shall be as listed in the preceding paragraph.
General Appropriations Act, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. V § 4(a), at 820.
You first ask how much members of the board of the Rehabilitation Commission are entitled to receive for their expenses. Section111.015 of the Human Resources Code was amended in 1985 to provide as follows:
 (a) Board members [of the Rehabilitation Commission] are entitled to reimbursement for actual and necessary expenses incurred in the discharge of their official duties and the compensatory per diem authorized by the General Appropriations Act for each day at an official meeting as authorized by the board.
 (b) A member of the board who is disabled and who, because of the disability, requires special aids or travel attendants is entitled to reimbursement for the cost of the special aids or travel attendants.
The prior version of section 111.015 provided:
 Board members serve without compensation but are entitled to reimbursement for actual and necessary expenses incurred in the discharge of their official duties.
Acts 1979, 66th Leg., ch. 842, at 2421.
The Rehabilitation Commission and the Comptroller agree that a statute passed after the enactment of article 6813f that sets per diem for a particular board prevails over article 6813f. However, the Rehabilitation Commission and the Comptroller disagree about the effect of the 1985 amendments to section 111.015 of the Human Resources Code. The Rehabilitation Commission takes the position that the original version of section 111.015, which authorized actual expenses, was superseded by article 6813f, but that the 1985 amendments reenacted the authorization for actual expenses and made section 111.015 a later enactment than article 6813f. The Comptroller argues that the 1985 amendments do not make section 111.015 a later enactment than 6813f for purposes of determining the amount of expenses to which board members are entitled. The Comptroller bases his argument on the fact that the 1985 amendment left the words regarding actual expenses unchanged.
The Board of Irrigators raised essentially the same argument in Attorney General Opinion JM-888 (1988). In that opinion we considered a 1985 amendment to the statute governing per diem for members of the Board of Irrigators. That amendment replaced language allowing $25 a day in compensatory per diem with a reference to the General Appropriations Act; but it retained the exact language of the prior version regarding actual expenses. We concluded that the 1985 amendment reenacted the authorization for actual expenses because the statutory reference to the appropriations act eliminated any argument that the legislature was unaware of the existence of the appropriations act and the conflict on the appropriations act provisions and the provisions of section 111.015. We concluded, therefore, that the statute governing the Board of Irrigators prevailed over article 6813f. The reasoning of Attorney General Opinion JM-888 applies to the 1985 amendment to section 111.015 of the Human Resources Code. Therefore, we conclude that the provision authorizing actual travel expenses for board members of the Rehabilitation Commission has been reenacted and that the board members are entitled to reimbursement for actual expenses.
You next ask whether members of the Consumer Advisory Committee of the Rehabilitation Commission are entitled to actual expenses. The committee is established pursuant to section 111.016 of the Human Resources Code. Subsection (d) of section 111.016 provides that the committee members are entitled to reimbursement for actual and necessary expenses. Before 1985, section 111.016 permitted the Rehabilitation Commission to set up advisory committees. In 1985 it was amended to require the Rehabilitation Commission to set up a consumer advisory committee, and the commission's general authority to set up advisory committees was deleted. Acts 1958, 69th Leg., ch. 603, at 2273. Before the 1985 amendment subsection (d) of section 111.016 provided:
 The members of the advisory committee serve without compensation but are entitled to reimbursement for actual and necessary expenses incurred in attending the official meetings of the advisory committee.
Acts 1969, 61st Leg., ch. 40, § 5(b), at 105; Acts 1971, 62d Leg., ch. 405, § 54(2), at 1533. The 1985 amendment changed subsection (d) to read as follows:
 The members of the consumer advisory committee are entitled to compensatory per diem authorized by the General Appropriations Act for each day engaged in the performance of their duties as directed by the board and to reimbursement for actual and necessary expenses incurred in attending the official meetings of the consumer advisory committee.
Again, for the reasons set out in Attorney General OpinionJM-888, we conclude that the 1985 amendment reenacted the provision regarding actual expenses and that the members of the Consumer Advisory Committee are entitled to reimbursement for actual expenses.
Your third question is whether members of the Governor's Committee for Disabled Persons are entitled to receive reimbursement for actual expenses. The Governor's Committee for Disabled Persons was reestablished by an executive order issued on October 5, 1987. Executive Order No. WPC 87-16 (1987). The executive order provides in section II-3:
 APPOINTED committee members shall serve without pay, but shall be entitled to actual and necessary expenses incurred in performance of COMMITTEE business, such business to include attendance at Committee meetings, telephone calls to conduct Committee business, and attendance at functions to officially represent the Committee, but such expenses shall be limited to funds available.
In Attorney General Opinion JM-382 (1985) we concluded that the per diem provisions of article 6813f, V.T.C.S., apply to boards and committees established by executive order. The governor has no power to change existing law merely by issuing a proclamation. Terrell Wells Swimming Pool v. Rodriguez, 182 S.W.2d 824, 827
(Tex.Civ.App.-San Antonio 1944, writ ref'd). Therefore, absent specific statutory authority to do so, the governor may not set a per diem for a board or committee that conflicts with the general law set out in article 6813f. The members of the Governor's Committee for Disabled Persons are therefore entitled to reimbursement for expenses subject to the limitations set out in the appropriations act.
You next ask whether members of the State Independent Living Council are entitled to compensatory per diem and reimbursement for expenses. Federal law provides that each state receiving federal funds for the provision of independent living services for the disabled must set up a State Independent Living Council. 29 U.S.C. § 769(a)(1). See generally 29 U.S.C. § 796-796i. The federal statute sets out the qualifications for membership on the council and provides that the state agency designated under section 796(a)(1) is responsible for appointing the members of the council. We assume that the Rehabilitation Commission is the agency designated in section 796d(a)(1). See Hum.Res. Code §§ 111.051, 111.053; 40 T.A.C. § 101.1; ch. 107 (independent living). In Attorney General Opinion JM-382 we concluded that the provisions of article 6813f apply to state committees created pursuant to agency authority. The Independent Living Council is apparently such an agency. See generally Hum.Res. Code § 111.053 (commission may adopt methods of administration found necessary by federal government); § 111.054 (Rehabilitation Commission may comply with any requirements necessary to obtain federal funds). Absent specific authority, however, an agency may not enact a rule allowing reimbursement for expenses in excess of the amount authorized by article 6813f and the appropriations act.
See Attorney General Opinion JM-457 (1986) (providing that agency rules may not conflict with statute). Therefore, members of the Independent Living Council are entitled to reimbursement for expenses as provided by the appropriations act. We also conclude that members of the Independent Living Council are not entitled to compensatory per diem in the absence of a specific statute authorizing compensatory per diem. See Attorney General OpinionJM-382 (1985).
You also ask about per diem for members of the Deaf-Blind Advisory Committee, which was created by the commission pursuant to the commission's authority to establish programs to help deaf-blind multihandicapped individuals. Hum.Res. Code § 113.001. Because there is no specific statutory authority governing the committee, article 6813f is applicable. Thus, the members are entitled to reimbursement for travel expenses as provided in the appropriations act, and they are not entitled to compensatory per diem.
You also ask about per diem for members of the Statewide Steering Committee, which was established pursuant to a Senate Concurrent Resolution. Acts 70th Leg., S.C.R. 135. It is composed of representatives of various agencies, and its purpose is to report to the legislature. The resolution is silent as to compensatory per diem and reimbursement for expenses. Because all the members of the committee are apparently employees or volunteer agents of specific state agencies, we conclude that the committee is in the executive branch and that article 6813f is applicable. See V.T.C.S. art. 6813f, § 1. (per diem provisions of article 6813f not applicable to committees in the legislative branch). Therefore, committee members are entitled to reimbursement for expenses in accordance with the provisions of the appropriations act, and they are not entitled to compensatory per diem.
Your final question regards the Medical Consultation Committee. You provide the following information about the committee:
 The Medical Consultation Committee created by the Commission pursuant to Section 111.052, Human Resources Code, V.T.C.A., the membership of which is appointed by the Commissioner. This Committee is a group of medical practitioners that meet at various times during the year to provide consultation on medical matters to the Commission and as such are reimbursed in accordance with Art. 664.4, Professional Services Procurement Act, and the provisions of attachment G.
We assume that the committee was created either pursuant to subsection (b)(6) of section 111.052 of the Human Resources Code, which permits the rehabilitation commission to "contract with . . . doctors . . . for training, physical restoration, transportation, and other rehabilitation services," or pursuant to the more general subsection (b)(3), which authorizes the Rehabilitation Commission to contract with individuals as necessary to implement the provisions of Chapter 111 of the Human Resources Code. Those provisions and your reference to the Professional Services Procurement Act suggest that the physicians in question have contracted with the Rehabilitation Commission to provide professional services. If so, they are entitled to payment in accordance with the terms of their contracts.
 SUMMARY
Members of the board of the Texas Rehabilitation Commission are entitled to reimbursement for actual expenses incurred in the discharge of their duties. Members of the Consumer Advisory Committee of the Rehabilitation Commission are entitled to reimbursement for actual expenses incurred in attending official meetings. Members of the Governor's Committee for Disabled Persons are entitled to per diem for expenses subject to the limitations set out in the appropriations act. Members of the State Independent Living Council, members of the Deaf-Blind Advisory Committee, and members of the Statewide Steering Committee are entitled to per diem for expenses subject to the limitations set out in the appropriations act and are not entitled to compensatory per diem.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General